# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JACK M. BAINS, an individual,<br><br>  PLAINTIFF,<br><br>v.<br><br>ALLEN & NEWMAN, PLLC, a foreign Corporation, *et al.*,<br><br>  DEFENDANT. | Civil Action No.<br><br>_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Allen & Newman, PLLC ("Allen & Newman"), hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1441, and states the following grounds for removal:

1. Plaintiff instituted this action on or about June 19, 2020 in the District Court of Jefferson County, Alabama, Case No. 01-DV-2020-902224.00 (hereinafter referred to as the "State Action").

2. Plaintiff served Allen & Newman with the State Action Summons and Complaint through certified mail on July 3, 2020.  A true and correct copy of all documents filed in the state court, including the served Summons and Complaint, are attached as Exhibit A.  Allen & Newman has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument

before the State Court.  Thus, this Notice has been filed with this Court within thirty (30) days of service of copies of the Summons and Complaint in the State Action upon any defendant.

3. This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

4. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003. An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan."  29 U.S.C. §1002(3). A pension benefit plan means "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program...provides retirement income to employees." 29 U.S.C. § 1002(2)(A)(i).

5. By the State Action, Plaintiff is seeking to recover losses to the benefit plan in which he was a participant (along with other damages) which he alleges occurred as a result of actions taken by Defendant.[1]  The benefit plan at

---

[1] Complaint at ¶¶ 13-19.

issue is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2) of ERISA. The damages sought by Plaintiff in the State Action arise out of his participation in an ERISA plan, and pertain to alleged losses in his plan account. Therefore, Plaintiff's causes of action are governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state-law cause of action, Plaintiff's causes of action will be "re-characterized" as a federal claim under ERISA. Plaintiff's claims arise under ERISA and any state law causes of action asserted by Plaintiff in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a), as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

6. Allen & Newman submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

7. The State Court from which this action was removed, and in which this action was commenced, is within this Court's district and division.

8. A copy of the notification of removal filed with the State Court, as required by 28 U.S.C. § 1446(d), is attached as Exhibit B.

9. By copy of this document and in accordance with the Certificate of Service, Allen & Newman is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Allen & Newman gives notice that the referenced action pending in the District Court of Jefferson County, Alabama has been removed to this Court.

Respectfully submitted,

*/s/ Kimberly R. Ward*
Kimberly R. Ward (ASB-9913-M67W)
Kimberly.Ward@jacksonlewis.com
Jackson Lewis P.C.
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209
Tel:   (205) 332-3122
Fax:   (205) 332-3131
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2020, I filed the foregoing with the Clerk of the Court and served copies of same via the United States Postal Service, postage prepaid and properly addressed, upon the following:

Jack Bains, Attorney at Law, BAI034  
101 Hickory Ridge Road  
Oneonta, AL 35121  
Jbains@travelers.com

        */s/ Kimberly R. Ward*  
        Counsel of Record